UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| RAISTONE FINANCIAL CORP., | Case No. 26-10371 (DSJ) |
| Debtor. | |
| In re: | Chapter 7 |
| RAISTONE CAPITAL LLC,<br>FKA Seaport Global Supplier Finance LLC, | Case No. 26-10372 (DSJ) |
| Debtor. | |

**ORDER APPROVING STIPULATION OF SETTLEMENT**

Upon the motion ("Motion") of Gregory M. Messer, solely in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estates (collectively, "Estates") of Raistone Financial Corp. ("Raistone Financial"), and Raistone Capital LLC ("Raistone Capital", each a "Debtor" and collectively with Raistone Financial, the "Debtors"), seeking entry of an Order, pursuant to 11 U.S.C. §105(a) ("Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"): (i) approving a Stipulation of Settlement Between the Chapter 7 Trustee and Morton County Hospital, d/b/a Morton County Health System ("Morton" or "Health System") (each of the Trustee and Morton is a "Party", and together, they are the "Parties"); and (ii) granting the Trustee such other, further and different relief as this Court may deem just and proper ("Motion"); and upon the Affidavit of Service of the Motion; and there being no opposition to the relief sought in the Motion; and a hearing having been scheduled by the Court on August 11, 2026; and upon a Certificate of No Objection having been filed with the Court on August 7, 2026 [Dkt Nos. 55 and 58]; and there having been due and sufficient notice of the Motion; and the Court having determined that the Stipulation is a fair and reasonable settlement of the disputes at

issue, a proper exercise of the Trustee's business judgment in light of the risks and costs of continued litigation; and is in the best interests of the Debtors' Estates; and no additional notice being necessary or required;

**IT IS HEREBY FOUND THAT**:

A. This Court has jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§157 and 1334 and the matter is a core proceeding under 28 U.S.C. §§157(b)(2)(A) and(O).

B. Adequate notice of the Motion was given, and no further notice is required.

C. The Stipulation was negotiated at arm's length and in good faith.

D. The settlement set forth in the Stipulation falls above the lowest point in the range of reasonableness.

E. The Stipulation represents a fair and reasonable exercise of the Trustee's business judgment.

**NOW, THEREFORE**, upon the Motion of the Trustee, the record in this case and good cause shown, it is hereby

**ORDERED** that the Stipulation, a copy of which is annexed as Exhibit A to the Motion, is approved in its entirety; and, it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
August 24, 2026

*s/ David S. Jones*
Honorable David S. Jones
United States Bankruptcy Judge